UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOLORES A. PACE, | |
| Plaintiff, | Honorable Madeline Cox Arleo<br>Civil Action No. 10-715 (WHW) |
| v. | REPORT AND RECOMMENDATION |
| GEORGE A. IANNCONE, | |
| Defendant. | |

## BACKGROUND

On December 16, 2009, plaintiff, Dolores A. Pace ("plaintiff"), filed the Complaint in the Superior Court of New Jersey, Law Division, Union County. On February 11, 2010, defendant George A. Iannacone (improperly pled as "George A. Ianncone") ("defendant") removed the action to this Court.[1]

On March 30, 2010, the Court entered an Order, scheduling an initial conference for June 2, 2010. The March 30th Order directed the parties to exchange Fed. R. Civ. P. 26 disclosures. Additionally, the Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

On June 2, 2010, counsel for both plaintiff and defendant appeared at the conference. On June 14, 2010, the Court entered a Scheduling Order, which set forth, among other things, deadlines for fact discovery and expert reports. In addition, the Order referred the matter to arbitration pursuant to L. Civ. R. 201.1. Additionally, the Order scheduled a telephone

---

[1] On February 22, 2010, plaintiff's counsel filed a substitution of counsel, substituting attorney John J. Pisano for attorney Eric G. Kahn. On March 4, 2010, the Court entered an Order granting the substitution.

status/settlement conference for October 22, 2010 and directed each party to submit a confidential settlement position paper.  The Order further emphasized that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

In a letter dated October 15, 2010, plaintiff's counsel notified the Court that he had been unable to contact plaintiff for several months and, as such, discovery is incomplete.  On the same date, defense counsel notified the Court that plaintiff failed to provide answers to interrogatories or appear for her twice scheduled deposition.  Plaintiff also failed to provide any explanation for her dilatory conduct.  As such, the parties could not complete discovery by the court imposed deadline, nor could defendant make any meaningful settlement offer.  By Order issued on October 21, 2010, the Court adjourned the telephone status/settlement conference from October 22, 2010  to November 29, 2010.

On November 8, 2010, Judge Brown entered an Order appointing an arbitrator and scheduling an arbitration hearing for December 10, 2010.  On November 9, 2010, defense counsel requested in writing a ninety day adjournment of the arbitration date and permission to file a motion to dismiss plaintiff's complaint.  In his request, counsel noted that the case was not ready for arbitration because of plaintiff's failures to comply with her discovery obligations and the Court's Scheduling Order.  Plaintiff's delinquencies included, not only failing to attend her scheduled deposition and answer interrogatories, but her failure to return an executed medical authorization to release her medical records in this personal injury suit.

By Order of November 12, 2010, the Court granted defendant's request, postponing arbitration until discovery was concluded.  The Order further noted that plaintiff's discovery deficiencies and defendant's request to file a motion to dismiss would be addressed at the

previously scheduled telephone status/settlement conference on November 29, 2010.

On November 29, 2010, the Court adjourned the telephone status/settlement conference, which was then rescheduled for January 10, 2011. Following the January 10, 2011 conference, the Court entered an Order requiring parties to submit a revised joint discovery schedule. The Order also instructed plaintiff's counsel to advise both the Court and defendant's counsel by February 14, 2011 in the event plaintiff no longer wished to pursue the case.

On February 24, 2011, the Court issued a second Scheduling Order, resetting the deadlines for fact discovery and motions to amend, among other things. In addition, the Order scheduled a telephone status/settlement conference for May 10, 2011, which was subsequently rescheduled for July 13, 2011.

On July 6, 2011, this Court entered an Order requiring each party to deliver a settlement position paper by or before July 15, 2011.[2] On July 7, 2011, this Court received a letter from defense counsel, wherein he reiterated plaintiff's continuous failures to respond to outstanding discovery requests, appear at her deposition, and execute a medical authorization. In his letter, defense counsel requested that this Court sua sponte enter an order of involuntary dismissal, or alternatively, allow defendant to file a motion to dismiss plaintiff's complaint.

In response, on July 14, 2011, plaintiff's attorney wrote to the Court, acknowledging that very little discovery had been exchanged because, despite his best efforts, he was unable to locate plaintiff. Counsel further acknowledged that the Court may have no alternative but to dismiss the action.

On August 3, 2011, the Court entered a Order scheduling a telephone status/settlement

---

[2] On June 24, 2011, this case was reassigned to the undersigned.

conference for September 9, 2011. Counsel for both plaintiff and defendant participated in the conference, wherein plaintiff's counsel noted his intent to file a motion to be relieved as counsel.

On September 21, 2011, Mr. Khan filed a motion to withdraw as plaintiff's counsel, the basis of which was plaintiff's failure to respond to discovery or otherwise cooperate with prosecuting her claim, failure to appear at her deposition, and failure to comply with court orders.

On September 27, 2011, this Court issued an Order, granting Mr. Kahn's motion and directing him to provide plaintiff with a copy of the Order. Plaintiff was directed to have new counsel enter an appearance on her behalf by October 26, 2011. If new counsel was not secured by that date, plaintiff would be deemed to be proceeding on a pro se basis and thus required to attend all court appearances. The Order also scheduled an in person status conference for October 27, 2011. The Order highlighted that failure to attend the conference would result in sanctions.

This Court provided a copy of the September 27th Order to plaintiff by regular and certified mail/return receipt requested.[3] On or about October 2, 2011, the mailed copy of the Order was returned as undeliverable to plaintiff. On or about October 5, 2010, the Court received an unexecuted receipt card.

On October 27, 2011, only defense counsel appeared at the in person conference. No party or counsel appeared on behalf of plaintiff. On October 28, 2011, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed.

---

[3]Consistent with the address for plaintiff as set forth on the official docket, the Court mailed a copy of the September 27th Order to Dolores A. Pace, at "634 Court Street, 2nd Floor, Apartment 2, Elizabeth, NJ 07206."

4

R. Civ. P. 16(f), arising out of plaintiff's failure to attend the Court ordered October 27, 2011, Conference. The Order to Show Cause was returnable on November 29, 2011. Plaintiff was directed to file any written submissions with the Court by November 23, 2011. This Court sent a copy of the October 28th Order to plaintiff at the same address, in Elizabeth, New Jersey by regular and certified mail/return receipt requested. The certified mail was returned unexecuted.

Before the November 29, 2011 hearing, plaintiff did not file any written submissions. No party or counsel appeared on behalf of plaintiff at the November 29th Order to Show Cause hearing.

## DISCUSSION

Plaintiff's failures to prosecute this action and comply with her discovery obligations and this Court's orders require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id.

1. The Extent of the Party's Personal Responsibility

Aside from filing a Complaint, plaintiff has demonstrated an unwillingness to prosecute

5

this action. She conducted no discovery, failed to respond to defendant's requests for written discovery, and failed to appear at her twice scheduled deposition. Furthermore, plaintiff has failed to comply with this Court's March 30, 2010, June 14, 2010, and February 24, 2011 Orders, which included, among other things, deadlines for responding to discovery requests and submitting expert reports. Plaintiff's counsel withdrew from this matter because he was unable to locate his client, despite several attempts to contact her. Following the Court's Order relieving Mr. Kahn as counsel for plaintiff, the Court afforded plaintiff 30 days to retain new counsel or appear before the Court a <u>pro se</u> basis. Instead, plaintiff chose not to appear before this Court on October 27, 2011, and November 29, 2011, as directed. In addition, plaintiff failed to provide this Court with her correct address, despite her obligation to do so pursuant to L. Civ. R. 10.1(a).

This Court finds that plaintiff is personally responsible for her failures to comply with the orders of this Court. Additionally, her failures to appear for court conferences and twice for her deposition, conduct discovery, or otherwise communicate with the Court and her own counsel demonstrate her personal lack of responsibility in prosecuting her claim. Accordingly, such conduct weighs in favor of dismissal.

Plaintiff is not exempt from responsibility for failure to abide by Court orders simply because she is treated as a <u>pro</u> <u>se</u> litigant. "[A]ll litigants, including pro ses, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." <u>Burns v. Glick</u>, 158 F.R.D. 354, 356 (E.D. Pa. 1994).

2.      <u>Prejudice to the Adversary</u>

Plaintiff's repeated failures to comply with her discovery obligations or communicate

6

with her former counsel or this Court make it impossible to determine her interest in pursuing this action; for discovery to proceed; for dispositive motions to be filed; and preclude a resolution of this matter.  The inability to proceed requires this Court to find that Iannacone has been prejudiced by plaintiff's failure to prosecute this action or to comply with her discovery obligations and the pertinent Local Civil Rules.

      The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion.  The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

      Here, the prejudice is palpable.  Based on plaintiff's decision to disregard court orders and to thwart the discovery process, Iannacone is incapable of defending against plaintiff's claim.  Despite numerous Orders from this Court, plaintiff has not attended court appearances, provided discovery, or appeared for depositions.  I am satisfied that Iannacone has been prejudiced by plaintiff's failure to prosecute this case and comply with the Court's orders.  Plaintiff's inaction in this matter weighs in favor of dismissal.

7

    3.      <u>History of Dilatoriness</u>

Plaintiff's actions in this matter indicate a history of non-compliance. As noted above, plaintiff has repeatedly failed to comply with discovery obligations and court orders. Her former attorney, Mr. Kahn, made several attempts to locate plaintiff so that she could provide answers to interrogatories and allow the parties to complete discovery. Plaintiff disregarded her responsibility to advise her counsel, and subsequently her adversary and this Court, once she became <u>pro se</u>, of her current address. Plaintiff neither responded to the interrogatories propounded, attempted to communicate with this Court, nor appeared for court conferences following the withdrawal of her attorney on September 21, 2011. Furthermore, plaintiff never contacted the Court with her current address so that the Court could effectively manage the case and allow the parties to complete discovery, engage in dispositive motion practice and/or proceed to trial. Finally, plaintiff has not made any attempt to explain her failures to comply with any of her obligations in this case.

<u>Poulis</u> makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. Plaintiff has ignored court Orders and discovery related deadlines, and has failed to appear at the conference on October 27, 2011 (resulting in an Order To Show Cause) and the hearing on November 29, 2011. Despite court orders and deadlines, discovery remains outstanding. Therefore, this factor weighs in favor of dismissal.

    4.      <u>Whether the Attorney's Conduct was Willful or in Bad Faith</u>

The fourth <u>Poulis</u> factor is not applicable here because plaintiff is appearing as a <u>pro se</u>

8

litigant.  Yet, plaintiff has not provided this Court with any justification for her non-compliance throughout this case.  Indeed, plaintiff made no attempt to contact this Court after the withdrawal of her attorney on September 21, 2011.  The absence of a reasonable excuse suggests willful conduct or bad faith.  See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  Based on plaintiff's noncompliance, this Court finds that plaintiff has made a willful decision not to litigate this action, as demonstrated by her pattern of refusing to engage in discovery and her failure to comply with Court orders.

5.   Alternative Sanctions

There are no alternative sanctions that would be appropriate here.  Plaintiff has demonstrated a distinct lack of desire to prosecute this action.

6.   Meritoriousness of the Claim

As set forth above, plaintiff has failed to answer Iannacone's interrogatories, to be deposed, or otherwise prosecute this action.  This Court cannot determine whether plaintiff can prove her claim at trial merely based upon a review of the pleadings.

A balancing of the Poulis factors weighs in favor of dismissing this action with prejudice.  Not all of the Poulis factors need to be satisfied in order to enter a dismissal.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, plaintiff has failed to prosecute this action; comply with her discovery obligations; provide this Court with her current address, pursuant to L. Civ. R. 10.1(a); or otherwise comply with orders of this Court.  As such, discovery cannot proceed, a final pretrial conference cannot be scheduled, and dispositive motions cannot be filed.  Therefore, the sanction of dismissal is warranted here.

**CONCLUSION**

For the reasons set forth above, I recommend that plaintiff's Complaint (Dkt. No. 1-1) be dismissed with prejudice.

                                              Respectfully submitted,

                                              *s/Madeline Cox Arleo*
                                              MADELINE COX ARLEO
                                              United States Magistrate Judge

Dated: December 19, 2011

Orig.: Clerk of the Court
cc:    Hon. William H. Walls, U.S.D.J.
       All Parties by Regular and Certified Mail/R.R.R.
       File